THE DELAWARE L. & W. R. CO. v. A. E. CADOW.

ERROR TO THE COURT OF COMMON PLEAS OF COLUMBIA
COUNTY.

Argued April 10, 1888—Decided May 28, 1888.

1. Ordinarily, the existence of negligence is a question of fact for the jury, but when the facts are uncontroverted their legal effect is a question of law for the court.
2. One cannot recover damages for an injury which by the exercise of reasonable care he might have avoided.
3. When it was uncontroverted that the plaintiff, a cripple with a stiff leg, left a safe path along the sidewalk of a street, to pass hastily, in the night time and without a light, diagonally over a railroad crossing, the condition of which he did not know, and stumbled among the rails and planking, fell and was injured, it was error to refuse binding instructions that the verdict should be for the defendant.

Before GORDON, C. J., PAXSON, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, and STERRETT, JJ., absent.

No. 90 January Term 1888, Sup. Ct.; court below, No. 233½ September Term 1884, C. P.

On September 9, 1884, an action in case was brought by Albert E. Cadow against the Delaware, Lackawanna & Western R. Co., to recover damages for injuries alleged to have been caused by the negligence of the defendant. The plea was not guilty.

At the trial of the cause on October 6, 1886, after hearing the plaintiff's testimony, the court, ELWELL, P. J., on motion, directed the entry of a compulsory nonsuit. Subsequently, a rule to show cause why the judgment of nonsuit should not be taken off, was made absolute.

At the second trial on May 4, 1887, the testimony showed in substance that on January 28, 1884, Albert E. Cadow, aged 36 years, left his home at the corner of Seventh street and Strawberry alley, in Bloomsburg, to go to his work at Lockard's Car Shops, on the east side of East street, where for several years he had been employed as a fireman. It was between six

and seven o'clock in the morning, and very dark. The two tracks of the defendant company's road cross East street, at Sixth street, nearly at a right angle. On East street, on both sides of the street and across the railroad tracks, the sidewalks, for a distance of sixty feet, were constructed and maintained by the defendant company and were in good condition at the time referred to. In the roadway of East street, at the railroad crossing, planking was put down on the outside and on the inside of the rails so that vehicles could cross the tracks easily. The planking was about twenty-two feet in length along the tracks, and at either end of the planking the rails were exposed above the ties, with the ballast nearly even with the upper surface of the ties.

The plaintiff's usual route to the shops where he was employed was by the sidewalk on the west side of East street directly across the railroad, thence by the same sidewalk to Gigger's hotel, thence directly across East street to the shop. He had a stiff knee upon a shortened leg, the effect of an injury received in 1865. At the time stated, the plaintiff came up the west side of East street to a certain point, where he left the sidewalk and without a light started diagonally across the street in the direction of the shops. In crossing the railroad tracks near the middle of the street his foot was caught on one of the rails, when he fell and broke his leg above the knee. The plaintiff testified, inter alia: "I was a little in a hurry that morning; it was a cold morning; I was afraid the pipes would be frozen up; I had to get over there and get them thawed out;" that there was no street lamp burning that morning; and he had never taken any notice of the condition of the crossing, never looked whether it was planked or not.

The court, DREHER, P. J., of the 43d district, holding special term, charged the jury and answered the points presented as follows:

The defendant corporation, in locating its railroad in this town, laid a structure across East street, one of the principal streets, as I understand it, of this borough. The railroad company had a right thus to locate its road and to build it across this street; in doing so, however, it was under the obli-

gation or duty to the public, so to construct and maintain and operate its road that the public could safely pass over it, using due care and caution. Of course, whenever a railroad crosses a street in a town like this, naturally and necessarily there is more or less danger, at the point where it crosses the road, to persons who may be traveling on the highway; and this fact would impose upon persons traveling on the highway the duty to exercise a greater degree of care when traveling across the tracks than would be required if no railroad were there.

The complaint of the plaintiff in this case is that he received an injury, because of the negligence of this railroad company defendant, on the morning of January 28, 1884, in regard to the railroad of the company at the point where it intersects the highway. He says that he struck, or " stubbed " his foot against a rail, fell and broke his leg; and he claims now to recover damages for the injury that is done him, alleging that the injury to him was in consequence of the negligence of the railroad company in not putting and keeping this crossing in proper repair. Your first inquiry, therefore, in the natural order, will be whether this railroad company was negligent in the making and maintaining of this crossing; and then, if so, whether the negligence of the company was the proximate cause of the injury to the plaintiff. What is meant by " proximate cause " is that the injury must be the natural and probable consequence of the negligence, such a consequence as, under all the circumstances of the case, might and ought to have been foreseen by the wrong-doer, the railroad company in this instance, as likely to flow from his act.

Was the omission of the railroad company to plank between the rails and to fill up with earth or other material for the whole distance across the street negligence on their part? In other words, was it negligence in them to construct their road at that point in the manner in which they did construct it? I cannot say to you, as matter of law, that the omission of the railroad company to plank that road the whole distance across the street was negligence; it is a question that you must determine, under all the evidence in this cause. The railroad company was bound to so construct their road at that point that people passing along that road or street could do so with safety to themselves and to their teams and carriages, they using

reasonable and ordinary care and caution while crossing the tracks. Persons traveling on foot would have a right to travel on that street, would have a right to cross it at any point at which they chose to cross it: if they were traveling along a highway in which a railroad runs parallel with the line of the street, then to cross would be to take great risks upon themselves. While a pedestrian has the right to use the public highway, he must exercise such care and caution while on a part of the street devoted to or used for the purpose of traveling with teams, carriages and on horseback, must use such care, and caution as the circumstances at the time require, what is called ordinary caution. What we mean by ordinary care is such care, such caution, as a man of ordinary care and prudence would exercise under the same state of circumstances.

We have it in evidence here that sidewalks were constructed along the line of East street, and at the point where the railroad crosses this street; that these sidewalks were constructed by the defendant company over and across the line of their railroad, crossing both tracks, and there is no complaint that the company has failed in any respect to perform its duty in relation to these sidewalks. Where there are paved sidewalks in a town like this, they are intended for footmen; and the streets are intended primarily for the passage of carriages, horses, persons using teams or riding on horseback; yet, as I have already said, a footman may leave the sidewalk and cross the street at other points than at regular paved crossings, but in doing so, he must exercise due care and caution, such care, of course, being graded or gauged according to the immediate, surrounding circumstances.

If you find from the evidence that the defendant company was guilty of negligence, and that the injury to the plaintiff was the consequence of such negligence, then the plaintiff will be entitled to recover damages, unless he himself was guilty of contributory negligence. However much the railroad company may be in fault, if this plaintiff himself was guilty of negligence in crossing that road, or crossing at that point at the time and under the circumstances he did, and if his negligence contributed in any degree to the injury which he suffered, the law holds that he cannot recover any dama-

ges.  The defendant company claims that the plaintiff was guilty of negligence in crossing at the point where he did cross on that morning, and that his negligence and carelessness in so doing did contribute to his injury.  Negligence is the omission of something that the exigency of circumstances requires.  Was this defendant negligent?  Was he careless, in attempting to cross the street at the point where this railroad intersects it?  He was employed in a shop somewhere near this crossing, and had been employed there for several years, and for nearly ten months had been in the habit of crossing these railroad tracks at this point from three to four times daily, having moved on the first of April, 1883, into the house where he resided when this accident occurred.  He tells us that his usual route was to pass along the west side of East street on the sidewalk, crossing over the railroad track until he came into the vicinity of Gigger's hotel, and then to cross over the street directly to the shop.  He does not remember that he ever crossed the street at the point of intersection with the railroad, though he says he may have done so a few times.  It is argued by defendant's counsel that the plaintiff must necessarily have known the condition of this railroad, and that, if it was dangerous, he must have known, or might have known, that fact; and that, knowing that fact, his attempt to cross over the railroad there, in order to save a short distance in his walk or travel, precludes his recovery in this suit.  We instruct you that if this crossing was dangerous, and if this plaintiff knew that fact when he attempted to cross upon it, he cannot recover in this suit; for the evidence is clear and uncontradicted that there was a safe way for him to travel, by crossing the railway track on the sidewalk, as he usually had done.  Did he know that this crossing was dangerous?  He swears that he did not know of its condition, that he had never noticed whether it was planked all the way across the street or not.

This case is a simple one, and one in which you are to determine under the evidence any question of fact arising in the cause.  The law makes this plaintiff a competent witness; and you are to determine from all the evidence in the case whether he did have knowledge of the dangerous condition of the crossing.  If you find that the plaintiff had knowledge of

Charge of Court below.

the condition, the dangerous condition, of this road, if it was in a dangerous condition, then the next question for you to determine is was he guilty of negligence, actual negligence, in attempting to cross over the street at that point under the circumstances then present to him? I have already stated to you—what has been very prominent in the case, and you of course will recollect—where the plaintiff worked, his usual route in going to his work ; and he tells us that that morning was dark and cold, that he was in a hurry, and that, when he got to this point marked on the map A, he struck diagonally across the railroad track, in order to save time. I have said to you already that he had a right to cross the street at any point at which he chose to cross it; I have said to you that it was the duty of the railroad company to put the crossing in such reasonable and safe condition that persons traveling over it would do so with safety to themselves. Now, bearing in mind the right of the plaintiff to cross the street there, and bearing in mind the duty of the railroad company, was this plaintiff, in attempting to cross at that time in the morning, it being dark, as he says—so dark that he could not see where he was going, is my recollection of the substance of what he said upon that point—bearing in mind the fact that the street lamp was not lit, and bearing any fact in mind about his physical condition —because he was lame or stiff in one leg—I say, taking all this into consideration, did he act as an ordinarily prudent and cautious man would have acted under the same set of circumstances ? If he did, then, if he received an injury in consequence of the neglect of the defendant company to put that crossing in proper repair, he would be entitled to recover; if he did not act with that ordinary care and caution with which an ordinarily, reasonably prudent and cautious man would have acted under the same set of circumstances, and if his negligence or carelessness contributed to his injury, then he cannot recover.

The plaintiff requests us to charge :

1. That a railroad company which is authorized to cross highways is under a legal duty to construct its road across them in a reasonable manner, with reference to the double use of the crossing for its own purposes and for those of ordinary traveling. It is bound to keep the crossing as safe and con-

Charge of Court below.

venient for public travel as is practicable, and is liable to individuals using the highway for injuries caused by defects and obstructions created by it, which could have been avoided with reasonable precautions: the same obligation rests upon a company, when, under authority of law, it lays a track upon and along the highway. (Pierce on Railroads, 248, and notes; Oakland Railroad Co. v. Fielding, 48 Pa. 320; Penn. & O. Canal Co. v. Graham, 63 Pa. 290, and others.)

Answer: This point is affirmed.[4]

2. When a person crosses a railroad track by a common and well known foot path used by the public for many years, without let or hindrance on the part of the employees of the railroad company, he cannot be regarded as a trespasser. (P. & R. R. Co. v. Troutman, 11 W. N. 453.)

3. A man has a right to walk in the road if he pleases; it is a way for foot passengers as well as carriages. (Lord Denman, in 5 Carrington & Payne, 407.) The right of a person to cross the railroad is not limited to the street crossings. (Fitzsimmons v. Joslin, 52 Amer. D. 57.)

Answer: The second point is affirmed. While the second clause of this point is correct as a general proposition, yet, in towns where the sidewalks are paved for the use of foot passengers, a pedestrian leaving the sidewalk, where it is in good condition, to travel along—and not merely over—that part of the road or street appropriated for use of teams, carriages and horsemen, might, by such act, be guilty of such negligence, depending upon the surrounding circumstances, as to prevent him from recovering damages for an injury occasioned by a defect in the road or the negligence of some other party. The third point would be correct as to a railroad built upon and along a street; but in the present case it is not correct, for the reason that the railroad occupies no part of the street, except where it crosses the street.

4. That, in estimating the damages for a personal injury resulting from the negligence of the defendant, the jury may allow not only for the direct expenses incurred by the plaintiff but also for the privation and inconvenience he has been subjected to, for the pain and suffering, bodily and mental, which he has already endured, or is likely to experience, as well as the pecuniary loss he has already sustained and is likely to

Charge of Court below.

sustain during the remainder of his life from his disabled condition. (Scott Township v. Montgomery, 95 Pa. 444.) And his actual permanent loss of earning power: (Oakland Ry. Co. v. Fielding, 48 Pa. 320; McLaughlin v. Corry, 77 Pa. 109.)

Answer: The fourth point is affirmed. The plaintiff has given in evidence The American Mortality Tables, showing the probable length of life of a person of the age of the plaintiff. These tables, as I understand them, are made up from the average of human life based upon a healthy bodily condition, such as life insurance companies require when taking the risk of insurance. You must, in making up your opinion, take into consideration the physical condition of the plaintiff, whether healthy or otherwise.

The defendant has requested us to charge:

1. That, if the plaintiff unnecessarily left the sidewalk to cross the railroad at a point where there was no public crossing for foot passengers, in the dark, the sidewalks on both sides of and across the railroad track being in good condition, he cannot recover, though the planking in the street was defective.

Answer: If the jury find from the evidence that the plaintiff was negligent in leaving the sidewalk at the point where he did, then he cannot recover, and the verdict of the jury should be for the defendant.[5]

2. That if the plaintiff could have reached his destination just as well by some other route, and left the sidewalk, knowing that he would have to cross the railroad tracks in the middle of the street, because it was a few feet shorter distance for him to walk, he having knowledge of a perfectly safe route, he is guilty of contributory negligence, and cannot recover.

Answer: Whether the plaintiff was guilty of contributory negligence in leaving the sidewalk and crossing the railroad track, is to be determined by the jury under all the surrounding circumstances proven by the evidence.[6]

3. The defendant was not obliged to maintain a crossing along its tracks from one side of the street to the other, for the use of pedestrians at the point where the plaintiff was injured; and any one so using it does it at his own risk, and cannot recover.

Answer: The defendant was not obliged to maintain a

crossing along its tracks from one side of the street to the other, for foot passengers. Whether the plaintiff is entitled to recover against the defendant damages for the injury to his leg, is a question for the jury. If the jury find that he was negligent, and that his negligence contributed in any degree to the injury, he cannot recover. If the defendant was negligent, and the plaintiff was not negligent, then the plaintiff is entitled to a verdict.[7]

4. That, the plaintiff being a cripple was bound to use greater precaution in crossing the tracks than one not suffering from any infirmity. He was bound to use more than ordinary care; and, if he did not do so, he was guilty of such carelessness as to prevent his recovery in this suit.

Answer: The first sentence or part of this point is affirmed. I cannot say, as matter of law, that the mere omission to observe more than ordinary care, on the part of the plaintiff, would constitute such carelessness as to prevent a recovery. This question of carelessness is for the jury to determine under all the evidence in the case.[8]

5. That the plaintiff cannot legally charge to the negligence of the defendant the consequences of his own carelessness; and that, if the jury believe that the accident would not have happened to him but for his own want of care, he cannot recover.

Answer: This is affirmed.

6. That, if the proximate cause of the injury to the plaintiff was his leaving the sidewalk and attempting to cross the track at a point in the street out of the prepared highway for pedestrians, it is evident that his own imprudence was the immediate cause of the injury, and he cannot recover, even if the injury were in part directly ascribable to the negligence of the defendant.

Answer: I cannot affirm this point; the facts are for the jury.[9]

7. The defendant is not bound to prove that the plaintiff had actual knowledge of the alleged dangerous condition of the crossing. Plaintiff was employed at the car shops for several years prior to the accident, and had passed and repassed daily the point where he was injured, and was bound to know of its condition. If he failed to do so, he cannot hold the defendant responsible for his own carelessness.

Answer: The defendant may prove the plaintiff's knowledge of the condition of the crossing by circumstantial evidence. The facts mentioned in this point, if established to the satisfaction of the jury, may lead to the inference that plaintiff did have such knowledge; whether he had or not is for the jury to determine under all the evidence in the case, including the plaintiff's own testimony. The law makes him a competent witness, but his credibility is for the jury.[10]

8. If the accident to the plaintiff was the result of negligence in any degree whatever on his part, he cannot recover, even though the defendant was negligent.

Answer: This point is affirmed.

9. The plaintiff, according to his own testimony, knew that there was a safe and convenient route where he would meet with no obstructions, and this route he swears he was accustomed to take, viz.: Straight on up the sidewalk to Gigger's hotel, and thence across the street to the shops directly opposite. Such being the case, his departure from that route, with his crippled leg, in the dark, and with unusual haste, was such carelessness on his part as to prevent his recovery in this suit, even though he did not know of the condition of the railroad crossing in the middle of the street.

Answer: I cannot affirm this point. It is for the jury to say whether the facts proven show contributory negligence on the part of the plaintiff. If the jury so find, then the plaintiff cannot recover.[11]

10. If the court should be of the opinion that a pedestrian has the right to cross the highway at any point, then we respectfully ask the court to charge the jury that, if in so doing, in the night time, a cripple with a stiff leg departs from a path which he knows is safe, and ventures hastily upon one whose condition he does not know, in order to reach the same point on the opposite side of the street, he is guilty of negligence, and cannot recover damages for injuries received by falling over an obstruction which he knew lay in his path.

Answer: This point is affirmed.

11. That, under all the evidence, the verdict should be for the defendant.

Answer: This point is denied.[13]

I do not deem it necessary for me to say anything further.

If you find a verdict in favor of the plaintiff, you must say for what amount of damages you find: if your verdict be in favor of the defendant, you should simply say, We find in favor of the defendant.

The jury returned a verdict in favor of the plaintiff for $4,500. The defendant moved for a new trial, assigning as reasons, inter alia, the refusal of the defendant's second point,[6] and that the verdict gave excessive damages. On October 5, 1887, the court overruled the motion, in the following opinion:

This case was first tried before his Honor, Judge ELWELL, who, at the close of the plaintiff's evidence, on motion of defendant, entered a judgment of nonsuit against the plaintiff. Subsequently he took off the nonsuit, being of opinion that the case must go to the jury on the question of negligence. I would probably have granted the defendant's motion for a judgment of nonsuit on the second trial, but for the opinion of Judge ELWELL formed upon a very full and careful review of the case.

I have fully reviewed the evidence, and considered the reasons assigned for a new trial, and think the general charge and answers to the written points presented by the plaintiff and the defendant, cover the case. If the defendant is correct in the position taken, that the plaintiff has no cause of action, the Supreme Court will simply reverse the judgment of this court, and that will end the suit. While the damages may seem large, I do not feel warranted to disturb the verdict on this ground, but think it better to let the verdict stand and have a ruling of the Supreme Court upon the question, whether the case should have been taken from the jury.

Judgment having been entered upon the verdict, the defendant took this writ, filing fourteen specifications of error, among which were the following:

4. The affirmance of the plaintiff's first point.[4]

5–11. The answers to the defendant's points. [5 to 11]

13. The refusal of the defendant's eleventh point.[13]

*Mr. George E. Elwell* (with him *Mr. John G. Freeze*), for the plaintiff in error:

1. Whether a given state of facts constitutes negligence is generally a question of law: Catawissa R. Co. v. Armstrong,

52 Pa. 282; McKee v. Bidwell, 74 Pa. 218; Penn. Canal Co. v. Bentley, 66 Pa. 30; Goshorn v. Smith, 92 Pa. 435; Miller v. Railroad Co., 6 Cent. R. 607; Harrisburg v. Saylor, 87 Pa. 216. One who knows, or by ordinary care may know of a defect in a highway, and voluntarily undertakes to test it when it could be avoided, cannot recover against the municipal authorities for losses incurred through such defect: Crescent Tp. v. Anderson, 114 Pa. 643; Comly v. Railroad Co., 22 W. N. 42. A cripple must use more than ordinary care to avoid injury: Shear. & Redf., Neg., § 30; Patterson, Railway Accidents, § 78.

2. One who voluntarily and unnecessarily diverges from the traveled path, cannot recover for injuries sustained while traveling outside such path: Rice v. Montpelier, 19 Vt. 470; Dicey v. Telegraph Co., 46 Me. 483; Shear. & Redf., Neg., 149. The deliberate attempt to walk over an obstruction when it can be avoided by a slight detour, is contributory negligence per se: Erie City v. Magill, 101 Pa. 616; Fleming v. Lock Haven, 15 W. N. 216; Pittsb. S. Ry. Co. v. Taylor, 104 Pa. 306; Beatty v. Gilmore, 16 Pa. 463. The plaintiff having thoughtlessly and imprudently put himself in a position of danger, his injury is attributable to his own carelessness and not to the negligence of the defendant: Patterson, Railway Accidents, 47.

*Mr. William Chrisman* and *Mr. E. R. Ikeler* (with them *Mr. Grant Herring*), for the defendant in error:

1. A foot passenger has the right to cross a street at any point and is not restricted to the regular crossing: P. & R. R. Co. v. Troutman, 11 W. N. 453; Penn. R. Co. v. Allen, 3 Penny. 170; Moore v. Railroad Co., 99 Pa. 304; Raymond v. Lowell City, 6 Cush. 524 (53 Amer. D. 57). It is forgotten that the uses of a public street and public crossing are not limited to the hours of daylight. It was because of the darkness that the plaintiff failed to see the obstructions in his path, and the darkness, instead of operating against him, ought to afford the best reason for his ignorance of the hidden danger; the courts have so regarded it: Millcreek Tp. v. Perry, 10 Cent. R. 299; Burrell Tp. v. Uncapher, 117 Pa. 353. Surely, nothing can be more plain, under these authorities,

than that the darkness should not excuse the defendant for its breach of duty in maintaining a bad crossing.

2. The court, in charging, in answer to the defendant's fourth point,[8] that if the jury should find that the plaintiff was a cripple, then he was bound to use greater precaution in crossing the tracks, than one not suffering from any infirmity, was in perfect accord with the authorities: Shear. & Redf., Neg., § 30 ; Patterson, Railway Accidents, § 78. The request to charge that the plaintiff was bound to use more than ordinary care, involved a finding by the court that the plaintiff was a cripple, which was purely a question of fact for the jury under all the evidence in the case.

3. The plaintiff was not chargeable with contributory negligence, because he attempted to cross the street that cold, dark morning, "a little in a hurry." In Oakland Ry. Co. v. Fielding, 48 Pa. 326, a boy, in the night time, joined the city firemen in running at a break-neck pace, down grade, on one of the public streets of Pittsburgh. If the court was justified, under such circumstances as these, in submitting the question of contributory negligence to the jury, with much greater reason ought the action of the court in the present case be sustained: Pierce on Railroads, 248 ; Penn. & O. Canal Co. v. Graham, 63 Pa. 290.

4. The answer to the defendant's seventh point,[10] is an exact reproduction of the law as stated in Longenecker v. Railroad Co., 105 Pa. 332: "Upon a state of facts admitted or proved by direct or undisputed testimony, the court may pronounce the law applicable thereto ; but where the alleged facts are the subject of inference from other facts and circumstances shown by the evidence, it is the exclusive province of the jury to consider the testimony and ascertain the facts under proper instructions from the court." See also Grambs v. Lynch, 20 W. N. 377.

OPINION, MR. JUSTICE WILLIAMS :

The learned judge of the court below affirmed the defendant's tenth point while refusing the eleventh. The instruction asked by the tenth point was as follows: "If the court should be of the opinion that a pedestrian has the right to cross the highway at any point, then we respectfully ask the

court to charge the jury that if in so doing in the night time, a cripple with a stiff leg departs from a path which he knows is safe, and ventures hastily upon one whose condition he does not know, in order to reach the same point on the opposite side of the street, he is guilty of negligence, and cannot recover damages for injuries received by falling over an obstruction which he knew lay in his path."

The facts embodied in this point appear in the testimony of the plaintiff. He was a cripple with a stiff leg, the result of an earlier fracture. He had a safe path, which he had often traveled, along the sidewalk to the opposite side of the railroad, and thence to his work. He left this path to go hastily upon a route leading across the road and railroad in a diagonal line, and over a plank crossing, the condition of which he says he did not know. It was in the night time, and he was without a light. In hastily crossing the railroad, which he knew to be in his path, he got off the crossing at the east end of the planking, stumbled among the rails, fell, and was injured. There was no controversy over any one of the facts grouped together in this point, and the answer affirming it left nothing for the jury.

It may be that the crossing did not extend, as it should have done, over all of the roadway available for passage, and that the company was guilty of negligence in leaving it in the condition in which it was at the time of the accident; but this point asked, and the court gave, an instruction that the facts stated showed the plaintiff to be guilty of negligence, and that he could not recover for that reason. A party cannot recover damages for an injury which by the exercise of reasonable care he might have avoided: Beatty v. Gilmore, 16 Pa. 463; Pittsburgh Southern R. Co. v. Taylor, 104 Pa. 306. Negligence is ordinarily a question for the jury, but where the facts are uncontroverted, their legal effect is for the court: Catawissa R. Co. v. Armstrong, 52 Pa. 282; Pittsburgh and Connellsville R. Co. v. McClurg, 56 Pa. 294; McKee v. Bidwell, 74 Pa. 218; City of Erie v. Magill, 101 Pa. 616. All the facts affecting the question of contributory negligence were furnished by the plaintiff's testimony. What was their legal effect? This was the question presented by the tenth point, and, as we think, properly answered. If so, there was

no question left which, if submitted to the jury, could relieve the plaintiff from the consequences of his own carelessness, and the binding instruction asked for in the eleventh point should have been given.

Judgment reversed.