## Greis, Appellant, *v.* Hazard Manufacturing Company.

*Negligence—Fall through open space in floor—Evidence.*

In an action against an owner of a building to recover damages for personal injuries sustained by falling through an unguarded open space in a floor, the trial court commits no error in directing a verdict for the defendant where the evidence shows that the plaintiff did not go into the building by the usual and ordinary entrance, but that he went in through a door at which goods were unloaded from cars, which was three feet and eight inches above the level of the tracks and upon which was a notice forbidding persons to enter.

Argued April 14, 1904.   Appeal, No. 77, Jan. T., 1904, by plaintiff, from judgment of C. P. Luzerne Co., Oct. T., 1901, No. 8, on verdict for defendant in case of Jacob Greis v. Hazard Manufacturing Company.   Before MITCHELL, C. J., DEAN, FELL, MESTREZAT and POTTER, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before HALSEY, J.

At the trial the court gave binding instructions for defendant.

Verdict and judgment for defendant.

On a motion for a new trial HALSEY, J., filed the following opinion :

On January 2, 1901, Jacob Greis, the plaintiff, was employed as a driver by A. Ryman & Sons, lumber dealers in the

city of Wilkes-Barre. On January 2, he was directed by his firm to deliver a load of lumber to the Hazard Manufacturing Company in the city of Wilkes-Barre. He left the yard of his employers and proceeded out Lehigh street to Hazle street, where he approached the place of delivery of the defendant company. Some of the employees of the defendant company who were engaged in remodelling the buildings were on the westerly side of Hazle street on a vacant lot on the opposite side of the street from the premises on which the buildings of the defendant were erected. When he reached the defendant's place of business, he met a man by the name Westfield who was a laborer employed about the works of the defendant company. He asked Mr. Westfield where the foreman was and Mr. Westfield told him. Greis, the plaintiff, proceeded from Hazle street to pass into the defendant's building. This entrance had upon the doors notices of various kinds forbidding persons to enter. It was a place of entrance for cars that were shifted from the Pennsylvania railroad tracks and for wagons hauling the product manufactured upon the premises, which was wire. At the left after the entrance had been made, there were six doors. These doors were three feet and eight inches above the level of the tracks and of the roadway. They were sliding doors and opened into a storeroom of the defendant company where wire was kept in stock. The wire was admitted and removed from these doors from cars and from wagons. The floor of the storeroom, which was the sill of the door, was on the ordinary level of the floor of a freight car or the bottom of the box of a wagon. The plaintiff found the third door entering into the storeroom open. He climbed up over the elevation of three feet and eight inches and entered this storeroom. The room was dark and after walking ten or twelve feet, he fell into an open space passing to a lower floor and was quite seriously injured. The open space was used for the purpose of carrying the product manufactured upon the premises from one story to another. The stairs that he was in search of were located beyond the elevator pit and near the sixth door. All the doors had the same elevation above the level of the tracks and of the roadway, namely, three feet and eight inches, and they all entered into the storeroom. At the sixth door there were steps leading from the bottom of the

tracks and of the roadway into the storeroom.   These steps were visible from the entrance on Hazle street.   The office of the defendant company fronted on Ross street. .

At the close of the testimony in the case, we gave binding instructions to the jury to find in favor of the defendant.   The plaintiff alleges in his argument upon this motion that such instruction was erroneous.   In the statement filed by the plaintiff, his cause of action is alleged as follows : That while the said plaintiff was proceeding through and over the usual and ordinary passage or way leading to said stairway on the first floor of the said building with which he was unacquainted and whilst using due care and caution in walking thereto, he was precipitated and fell through an elevator opening or well in said floor which was unfenced and unguarded to the basement or cellar floor of the said building several feet below.

If the testimony given in the trial of the case had shown that the place where the plaintiff entered was the usual and ordinary passage or way leading to said stairway on the first floor of the said building, then there would be a question of fact as to whether negligence had been committed by the defendant in not keeping the elevator opening or well, guarded and protected, so that persons who were rightfully there, might not be injured from falling into the same.   There was no such testimony in the case.   There was testimony that the employees of the defendant company used these doors for the purpose of loading and unloading wire from cars and wagons, but no testimony that it was the usual and ordinary way leading from the Hazle street doors to the stairway in the wireroom near to the sixth door leading from the tracks and wagon entrance.

In the case cited by the plaintiff, McKee v. Bidwell, 74 Pa. 218, there was testimony of three witnesses that the way that the plaintiff in that case traveled was a thoroughfare ; that it had been traveled by the plaintiff in passing to the office before the time of the accident and that it had been traveled by other persons upon like errands to the office.   That no objection had ever been raised by the defendant or his representatives to such entrance.   There was no testimony of this kind in the case at bar.

We held that the testimony failed to show negligence on

the part of the defendant, but it went further by showing that the defendant had exercised ordinary care against the entrance of persons through the doors that the plaintiff entered upon the defendant's premises : Baran v. Reading Iron Co., 202 Pa. 274.

A party cannot recover damages for an injury which, by the exercise of reasonable care, he might have avoided. Negligence is ordinarily for the jury, but when the facts are uncontroverted, their legal effect is for the court : D. L. & W. Railroad Co. v. Cadow, 120 Pa. 559.

Where there is no conflict of testimony and either the standard of individual duty has been judicially determined or the rights of the owners of the property have been judicially defined, the decision of a question of negligence affecting individual action in the one case or the exercise of dominion over property in the other, becomes the duty of a court. Negligence is to be found upon evidence and is not to be presumed from the bare fact of the occurrence of an accident on a defendant's land : Gramlich v. Wurst, 86 Pa. 74.

It has been held that a contractor who hires a carpenter to do the furring on a room is not bound to maintain artificial lights to prevent the carpenter from going out of the regular passageway to the building and will not be liable if he wanders in the darkness of the building and falls through unguarded openings : Murphy v. Greeley, 146 Mass. 196 (15 N. E. Repr. 654).

An action cannot be maintained against a city for an injury sustained from an unguarded pit existing near to an approach to its courthouse : Cunningham v. St. Louis, 96 Mo. 53 (8 S. W. Repr. 787) ; and a mere licensee must avoid patent dangers at his peril upon premises such as an open pit not concealed otherwise than by darkness : Reardon v. Thompson, 148 Mass. 267 (21 N. E. Repr. 369). See note, McAlpin v. Powell, 26 Am. Rep. 564.

It has been held that whenever the facts are ascertained, the rule of conduct, or in other words, the rule of law to be applied is to be determined and laid down by the court and is not to be left to be defined by the accidental feelings of a jury. . . . The definition of negligence and the determination of a standard of duty is always a matter of law for the court. In case

of dispute, it is of course for the jury to say whether or not the facts come within the standard, but where the facts are clear and nothing remains but the definition and application to them of the rule of conduct, the responsibility is upon the court alone : Custer v. B. & O. Railroad Co., 206 Pa. 529.

At the close of the testimony, we were unable to find that it anywhere disclosed that as a result of the defendant's negligence the plaintiff was injured. The negligence alleged was that the plaintiff entered the usual and ordinary passageway leading to the stairway on the first floor of the building. The testimony did not sustain this allegation, but went further and made it clearly apparent that the place of entrance by the plaintiff was not the usual and ordinary passageway leading to the stairway.

From a further and more careful consideration of the testimony and an examination of the rules applicable, we must deny this motion.

*Error assigned* was in giving binding instructions for defendant.

*John McGahren*, with him *Frank A. McGuigan*, for appellant.

*Henry A. Fuller*, with him *John T. Lenahan*, for appellee.

PER CURIAM, May 23, 1904 :
The judgment is affirmed on the opinion of the court below refusing a new trial.