## Mills v. Brandes, Appellant.

*Negligence—Unguarded elevator shaft—Evidence—Liability of Lessee.*

In an action against the lessee of a whole building by an employee of a sub-tenant to recover damages for personal injuries caused by a fall down an unguarded elevator shaft, the plaintiff is not entitled to have her case submitted to the jury, where there is no evidence whatever to show that the defendant or any of his employees left the shaft open, and the only inference to be drawn from the evidence is that some person whose identity was absolutely unknown, but who was probably an employee of the plaintiff's employer, negligently used the elevator and left the shaft open.

Argued Jan. 15, 1912. Appeal, No. 321, Jan. T., 1911, by defendant from judgment of C. P. No. 5, Phila. Co., June T., 1904, No. 2505, on verdict for plaintiff in case of Sallie E. Mills v. Moses Brandes, trading as Brandes & Bro. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before MARTIN, P. J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,500. Defendant appealed.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*Alex. Simpson, Jr.,* for appellant.—There was no evidence from which the jury could fairly have found that the defendant or his employees left the trap door open: Huey v. Gahlenbeck, 121 Pa. 238; Pawling v. Hoskins, 132 Pa. 617; Reese v. Clark, 146 Pa. 465; Stringert v. Ross Township, 179 Pa. 614.

*William T. Connor,* with him *John R. K. Scott,* for appellee.—The negligence was the failure to guard a shaft located in a dark hallway, used as a common entrance, which is amply established by evidence, and is sufficient to warrant the recovery in this case: Gordon v. Cummings, 152 Mass. 513 (25 N. E. Repr. 978); Pelton v. Schmidt, 104 Mich. 345 (62 N. W. Repr. 552); McKee v. Bidwell, 74 Pa. 218; Clopp v. Mear, 134 Pa. 203; Reid v. Linck, 206 Pa. 109.

Defendant was bound to keep the hallway, where the elevator shaft was located, in a safe condition: Lewin v. Pauli, 19 Pa. Super. Ct. 447; Thorp v. Boudwin, 228 Pa. 165; Knauss v. Brua, 107 Pa. 85; Fow v. Roberts, 108 Pa. 489; Wunder v. McLean, 134 Pa. 334; Reading v. Reiner, 167 Pa. 41; Brown v. White, 202 Pa. 297.

OPINION BY MR. JUSTICE POTTER, March 4, 1912:

The injuries for which plaintiff here sought to recover, resulted from a fall through an unguarded opening in the first floor of the building in which she was employed. The opening was intended for the passage of a small freight elevator, or hoist, worked by hand, which was located in the hallway near the front door, and extended across a passage leading from the door to a stairway, by which access was had to the upper floors of the building. The hall was short, being only about five and a half feet in length. Under ordinary circumstances, the elevator stood at the first floor, and the floor of the elevator then formed the floor of the passageway, so that persons entering the hall from the street passed directly over the floor of the elevator. The arrangement was such, that when the elevator was raised the opening in the floor of the hallway was expected to be covered by trap doors, working automatically. The defendant in this case was the lessee of the entire building, with the right to sub-let. He retained for his own occupancy only the first floor and basement, and sub-let the upper floors of the building to the firm

of Wise & Goodman, by whom the plaintiff was employed. Two front doors opened into the building from the street, one leading directly into defendant's storeroom, and the other opening into the hallway above described, which gave access to the stairway leading to the upper floors occupied by Wise & Goodman. The elevator seems to have been at the disposal of both firms which occupied the building, but was chiefly used by Wise & Goodman who occupied the upper floors. The only use that defendant had for it was in taking goods to and from the basement.

It appears from the evidence that on the morning of the accident plaintiff came to the premises early. Some of the employees of Wise & Goodman had arrived and gone into the building, but defendant's place of business was not yet open, and no one connected with it had as yet arrived. It was not shown that defendant or anyone in his employ had anything to do with the elevator on that day. When the plaintiff arrived, she opened the street door, and stepped into the hallway, which was dark, and another step precipitated her into the basement through the hatchway, which was open and unguarded. The elevator had been raised, but whether far enough to operate the trap doors did not appear; at least, they did not come down so as to guard the opening. Obviously the fault was that of the person who had made use of the elevator, and in so doing had left the hatchway unguarded without giving any notice of the danger to persons entering the hallway from the street. Just after the accident, it was noted that the elevator was stationary near the second floor. The natural inference would be that one of the occupants of that floor had brought the elevator to that point. Who that person was, the evidence did not show. But there was nothing to indicate that the defendant was in any way responsible for the movement of the elevator at that time, or for the consequent exposure of the opening in the floor.

We have then the fact of an elevator, used at times by tenants in the building, occupying different floors, and an injury occurring through the negligence of one of the tenants to one who was lawfully in the building. Under such circumstances, the evidence must fix the negligence upon the tenant sued, or there can be no recovery. The trial judge evidently took this view, for he charged the jury that unless they were satisfied that someone in the employ of the defendant caused the hatchway to be open, there could be no recovery by the plaintiff in this case. It was upon that ground alone that the case was submitted to the jury. Counsel for appellant here urge that there is nothing in the evidence from which the jury could have found that the defendant or anyone in his employ was responsible for the raising of the elevator, and the consequent unguarded condition of the hatchway at the time of the accident. Our examination of all of the testimony compels us to accept this conclusion. We can find nothing to indicate that the defendant was in any way responsible for the position in which the elevator was found at the time of the accident, or for the existence of the open hatchway. Crude as was the arrangement for elevator service in the building, yet it is evident that the plan was not in itself the direct cause of the accident. The proximate cause was the careless use made of the elevator, and the dangerous position in which it was left; that is, the taking of it away from its position at the first floor, in a normal condition of safety, and the consequent leaving of the hatchway open and unguarded, without giving any notice to persons having occasion to use the hallway. For this use, or rather misuse, of the elevator, there is nothing in the evidence to show that the defendant was in any way chargeable. Negligence is a fact to be proven as such. This is not a case of employer and employee, but even if it were, there could be no recovery without showing whose negligence had brought about the accident, which re-

sulted from uncovering the opening in the floor, and leaving it exposed, without warning to the users of the hallway. Plaintiff wholly failed to make out her case in this essential respect.

It is urged upon behalf of plaintiff that the defendant as lessee of the entire building was bound to take notice of the dangerous condition of the hallway, owing to the location of the elevator and its operation there; and that he was guilty of negligence in permitting such conditions to continue. Whatever may be said as to this, the fault in that respect was not the direct and proximate cause of the accident. That resulted directly, as we have pointed out, from the reckless and negligent manner in which the elevator was used by the person who last moved it away from the first floor. Under the evidence it was not the fault of the defendant.

The first assignment of error is sustained. The judgment is reversed, and is here entered for the defendant.