## Silver, Appellant, v. Hause.

*Negligence—Landlord and tenant—Liability of tenant for accident—Occupation after termination of term—Contributory negligence—Open hatch.*

1. The temporary storage of articles does not continue responsibility of the lessee for injuries occurring after the expiration of the term.

2. While it is true that a tenant in possession is bound to reasonable care in keeping the premises in a safe condition, the duty continues only so long as the control of the building is in his hands.

3. A person who has knowledge of an open hatch in a floor and walks backward into it, is guilty of contributory negligence, as matter of law.

*Appeals—Charge—Failure to ask for further instructions.*

4. Where a party fails to ask for more ample instructions, when he has an opportunity to do so, he cannot, on appeal, complain that such instructions were not given, if no substantial error appears in the charge as delivered.

Argued November 27, 1925. Appeal, No. 353, Jan. T., 1925, by plaintiff, from judgment of C. P. No. 5, Phila. Co., June T., 1921, No. 9142, on verdict for defendant, in case of Adolph Silver v. Charles G. Hause. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before MARTIN, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Joseph Gross,* with him *Harry Balis,* for appellant.—Where a person lawfully on premises occupied by, and in the possession of, defendant is injured by a defect therein, the liability of the defendant-occupant is not removed by the fact that his formal lease expired the previous day: Cohn v. May, 210 Pa. 615; Fitzgerald v. Sherwood, 239 Pa. 298; Pennington v. Klemanski, 278 Pa. 591; Martin v. Letter, 282 Pa. 286; Pender v. Raggs, 178 Pa. 337; Praeger v. Gordon, 78 Pa. Superior Ct. 76; Grier v. Sampson, 27 Pa. 183; Early v. Ashworth, 17 Phila. 248; Bears v. Ambler, 9 Pa. 193.

*Ralph B. Evans,* for appellee.

OPINION BY MR. JUSTICE SADLER, January 4, 1926:

Hause, the defendant, leased a building, and occupied it for a store and warehouse in the conduct of a feed business. The second floor was used as one room for the keeping of hay and like products. Near the center was a hatchway covered with two doors placed crosswise, measuring eight and one-half by four feet, through which merchandise was lowered, when required, to the driveway beneath. The loft was lighted by windows on three sides, each thirty-five inches by seven and one-half feet. On the north there were four, on the west seven, and on the south three, opening, in the first two instances, on public highways, and, in the last, upon an areaway, three or four feet wide, through which light and air were admitted. There were no shutters attached, though screens, with a mesh of one and a half inches, were fastened in each case on the outside. Testimony was offered by the plaintiff in the present action for damages, resulting from a fall through the opening, that all of the windows were dirty, thus diminishing his ability to discern properly the condition of the floor. The accident occurred between nine and ten o'clock on the morning of August 1st.

By the terms of the rental contract, the right of defendant to possession of the premises expired on Sunday, July 31st. On the afternoon of the day preceding, all of lessee's property was removed to a new location, with the exception of a few bags of rubbish, and a mirror, which for a long time previous had been stored in the rear of the loft. Some evidence was offered to show that two or more horses and wagons also remained upon the premises when the employees came on Monday morning to remove the articles left there, and for the purpose of cleaning. Leave to do so had been given on behalf of the landlord. The possession beyond the period of the lease cannot be said to have been more than permissive, and no liability for injuries from defects in the building after July 31st existed (Reilly v. Shannon, 180

Pa. 513; see also, Palmore v. Morris, 182 Pa. 82), for the temporary storage of articles does not continue responsibility of the lessee for injuries occurring after the expiration of the term (Franke v. St. Louis, 110 Mo. 511, 516, 19 S. W. 938), unless it appears there was a holding over by the tenant, and a continued control of the building exercised. The determining question was carefully submitted to the jury by the learned court below, and the verdict rendered was in favor of the defendant. In this connection, it may be observed, the jury asked for further instructions as to the date when the lease ended. The answer by the court named the time testified to without contradiction, as July 31st. If the appellant desired amplification of this statement, so as to cover the possibility that control was exercised by agreement, or otherwise, until a later period, it could have been so requested. Having failed to do so, he cannot now complain of the supplemental charge on the ground suggested.

Silver, the plaintiff, was a junk dealer, and had lived within a few doors of the place where he was hurt for many years. He was acquainted generally with the building, though had not previously been on the second floor. Two weeks before, he had purchased a small amount of rubber from Hause, and it was claimed the latter then stated that a mirror, stored on the second floor, could be bought subsequently, when plaintiff would be notified, and given an opportunity to secure it, if he so desired. On Monday, August 1st, one Richards, a driver of defendant, called on Silver, and offered to make the sale. It was insisted this was done on behalf of defendant, though testimony was offered to show that the glass had been given as a present to the employee, who was to keep for himself such sum as he could secure. Silver, Richards and his assistant, went to the loft, and crossed it, evidently passing over or by the hatchway, going to the rear where the mirror stood. Plaintiff said the room was dark, but the light was sufficient to

permit an examination of the glass, for which he offered to pay two dollars. The sum mentioned was satisfactory, and the three men started to carry the purchase toward the front of the loft. Silver was walking backwards, and fell through the open hatchway, which, according to his testimony, he had not observed. The two others present claimed the glass was moved to the opening, and there rested upon the floor, preparatory to lowering it to the driveway beneath, and that the plaintiff stepped from the rear directly into the hole, and was injured.

There is no doubt that a tenant in possession and control of the premises is liable for loss arising from his failure to exercise reasonable care in keeping the property in safe condition (Fitzgerald v. Sherwood, 239 Pa. 298), and not the landlord, who has temporarily surrendered his power of supervision: Pennington v. Klemanski, 278 Pa. 591. But this duty continues only so long as the control of the building, with the attendant responsibility to maintain it in proper condition, is in the hands of the lessee. The legal responsibility existing in such cases was carefully explained to the jury in a charge, of which appellant cannot justly complain, and the verdict rendered negatived the questions of fact upon which the right of the plaintiff to recover was predicated.

It is insisted, however, that the claim was not properly submitted, because of the refusal to charge, as requested in the sixth and seventh points, that Silver was not a trespasser, but an invitee of Hause. In view of the finding that the latter was not in control at the time of the accident, the error alleged need not be discussed. But, it may be remarked, the court could not have affirmed either point, as the legal definition asked for was dependent on disputed questions of fact. If plaintiff entered the building for his private purpose to effect a purchase from Richards, who claimed to have become the owner of the article to be sold (Muench v. Heine-

mann, 119 Wis. 441, 96 N. W. 800; Missel v. Lennox, 156 Fed. 347), he was a mere licensee, to whom there would arise only a duty to protect from wilful or wanton injury: Edmundson v. M. L. & P. Co., 223 Pa. 93; Schiffer v. Sauer Co., 238 Pa. 550; Foard v. Rath, 33 Pa. Superior Ct. 182. If, on the other hand, an invitee, the exercise of reasonable care determined the question of liability: Bloomer v. Snellenburg, 221 Pa. 25; Reid v. Linck, 206 Pa. 109; Chapman v. Clothier, 274 Pa. 394. The conflict of testimony rendered necessary a finding by the jury as to the relationship of the parties. At any rate, the plaintiff has no ground for complaint, since the court instructed a recovery could be had if defendant was in control of the building and there was a failure on his part to use due care to protect one coming on the premises, and this was as liberal a ruling as plaintiff was entitled to, since the jury would have been justified in finding him a mere licensee.

There is another reason why no award of damages can be sustained in the present case. It was, of course, incumbent upon the plaintiff to affirmatively prove negligence (Huey v. Gahlenbeck, 121 Pa. 238; Mills v. Brandes, 235 Pa. 219), and by evidence which did not show the injury was occasioned by any act of his own. Whether the claimant exercised due care to protect himself was submitted to the jury, and a verdict rendered in favor of the defendant. An examination of the record convinces us that the court would have been fully justified in declaring Silver guilty of contributory negligence, as a matter of law, and in granting either a nonsuit or binding instructions on this ground, as requested: Edmundson v. M. L. & P. Co., supra; Greis v. Hazard Mfg. Co., 209 Pa. 276; Sweeny v. Barrett, 151 Pa. 600; Johnson v. Wilcox, 135 Pa. 217; Foard v. Rath, supra. Even if it had been conclusively shown that Silver was an invitee and Hause remained in full control of the building where the accident occurred,—a fact negatived by the finding of the jury,—and improp-

erly left the hatchway unguarded, the plaintiff's want of caution in walking backwards into the opening was too evident to permit a finding in his favor.

The judgment is affirmed.