135　　217
s 33 SC 188

# R. JOHNSON v. C. L. WILCOX.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
OF TIOGA COUNTY.

Argued May 8, 1890—Decided May 19, 1890.

Where the plaintiff, while on his way to a dance-room in the third story of a building, having a safe entrance by a well-lighted hall and stairway, stepped aside through a door on the second floor out in the dark, upon a platform which he thought was protected by a railing, but fell and was injured, he was guilty of such contributory negligence that in an action against the owner of the building it was proper to direct a verdict for the defendant.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

No. 364 January Term 1890, Sup. Ct.; court below, No. 107 August Term 1888, C. P.

On May 1, 1888, Richard Johnson, by his next friend John J. Johnson, brought trespass against Clark L. Wilcox. Issue.

At the trial on February 4, 1890, it was shown that in September, 1887, the defendant was the owner of a three-story brick building in Wellsboro, containing a hall in the third story, let to one Harding in which to conduct public dances. The hall was reached by a flight of stairs leading from Main street in the front directly to the second story, and thence by a hallway upon the second floor to the rear wall of the building, where there were two stairways, one to the right and the other to the left leading to the hall above. At the end of the hallway, there was a doorway opening upon a platform hanging over an alley and connected with a stairway leading to the sidewalk on Waln street. This platform was one step lower than the door-sill. There were no guards or railing about it. The janitor was directed by the defendant to keep the rear door fastened and kept closed during the dances, and he had done so before the night of the plaintiff's injury, but that night he saw it open during the evening and before the accident, and left it open.

Charge of Court below.

The plaintiff was familiar with the means of access to the hall. On September 23d, early in the evening, he had been in the hall where a dance was going on, but went away and returned soon afterwards with a companion. The hallway on the second floor was well lighted, as were also the stairways. The door in the rear wall was open, and outside it was very dark. When they were in the hallway, the plaintiff asked his companion to wait a moment, and stepped out upon the platform for a private purpose. When reaching for the railing which he supposed was there, he fell to the ground below and sustained severe injuries. Afterwards, a railing was put about the platform.

At the close of the testimony, the court, MITCHELL, P. J., instructed the jury generally, and answered the points presented as follows:

We are asked by counsel for the plaintiff to charge the jury as follows:

1. That the evidence in this case shows that the place where the injury occurred was dangerous in the night time; that the fact that the defendant gave instructions to his servant that the door in the rear of the building should be fastened and kept closed, is evidence that the defendant knew at the time of the accident that the platform on the rear of the building was dangerous to persons visiting the building; and that the defendant cannot now shield himself from liability for the injury which occurred on account of the negligence or carelessness of the servant in not carrying out his instructions and by means of which neglect the plaintiff was injured.

Answer: We decline to affirm this point, as it is here stated, necessarily in the view we take of the case. If the case had been different; if it had been that of an individual visiting the place without any knowledge of the proper way to the hall above, where the dance was in progress, and if there had been no light to guide him in that way, the questions proposed in this point would be important; for, in such a case as that which is contemplated by this point, it would be necessary to submit the matter to the jury for their determination. But, whether Mr. Wilcox regarded that place as dangerous upon that occasion, and so as a matter of precaution against

Charge of Court below.

the danger directed his janitor to close up that door, is not a matter of importance as we view this case, and under the directions which we intend to make in relation to it. It would carry with it the conclusion reasonably enough to the minds of the jurymen that Mr. Wilcox did regard that a dangerous place for people to be going out, but we determine this case on a different view of it; that is, as we have stated, that the plaintiff in this case took the hazard upon himself, when he departed from the regular way of going to the dance above, and went out of the open door into the dark and received this injury.[1]

We are asked on the part of the defendant to charge the jury as follows:

1. That if the accident was the result of negligence in any degree on the part of the plaintiff he cannot recover, even though the defendant was negligent.

Answer: We have in substance said as much as this already. That is the rule as we understand it in the case.

2. That the plaintiff had the right to enter the building, the night of the accident, only for the purpose of attending the dance then being held in the third story thereof; and it was his duty in going to said dance to take the ordinary route used for such purpose if he were acquainted with said route.

Answer: We have in substance said as much as this also in this case, and as we have stated already, or qualified it by what we have said, we affirm this point.[2]

3. That, according to the uncontradicted testimony of the plaintiff, he knew of the ordinary route prior to the accident, and that such route was by the front entrance on Main street to the second floor, thence through the hallway and up stairs to the third story where the dance was being held, which route was well lighted and safe, and it was his duty to take said route.

Answer: This also we affirm.[3]

4. That the plaintiff having taken the ordinary route until he reached the door which opened to the platform in the rear of the building and then passed through said door out on the platform and in the dark, in no way in furtherance of his said lawful purpose in visiting said building, but on the contrary for the unlawful purpose of urinating from the platform into

the alley below, he was guilty of negligence and cannot recover in this action.

Answer: The substance of this point we have already stated. While perhaps we should modify it somewhat in the statement of it, we affirm this point in substance accordingly.[4]

5. That under all the evidence in this case the plaintiff is not entitled to recover.

Answer: This point, in the view we take of the case, is necessarily affirmed. Therefore, gentlemen, in this case we direct a verdict for the defendant.[5]

—The jury returned a verdict in favor of the defendant. A rule for a new trial having been discharged, judgment was entered on the verdict, when the plaintiff took this appeal; assigning for error:

1. The answer to the plaintiff's point.[1]

2–5. The answers to the defendant's points.[2 to 5]

*Mr. J. B. Niles* (with him *Mr. A. R. Niles* and *Mr. S. F. Channell*), for the appellant.

Upon the first assignment, counsel cited: Penna. R. Co. v. Henderson, 51 Pa. 315; West Chester etc. R. Co. v. McElwee, 67 Pa. 311; McKee v. Bidwell, 74 Pa. 218; Hays v. Millar, 77 Pa. 238; Wharton on Neg., § 156. Upon the remaining assignments: Brown v. Lynn, 31 Pa. 510; Gray v. Scott, 66 Pa. 345; Hydraulic Works Co. v. Orr, 83 Pa. 333; Wharton on Neg., §§ 346–9, 851, 824 a; Gramlich v. Wurst, 86 Pa. 74; Beck v. Carter, 68 N. Y. 283 (23 Am. Rep. 175); Tobin v. Railroad Co., 59 Me. 183 (8 Am. Rep. 415); Taylor v. Canal Co., 113 Pa. 162; Crissey v. Railway Co., 75 Pa. 83; Fritsch v. Allegheny City, 91 Pa. 226; Neslie v. Pass. Ry. Co., 113 Pa. 300; Penna. R. Co. v. Hope, 80 Pa. 373; Lehigh V. R. Co. v. McKeen, 90 Pa. 122; McGrew v. Stone, 53 Pa. 436; Reeves v. Railroad Co., 30 Pa. 454; Humphreys v. Armstrong Co., 56 Pa. 204; Baughman v. Railroad Co., 92 Pa. 335; Camp v. Wood, 76 N. Y. 92 (32 Am. Rep. 282).

*Mr. M. F. Elliott* and *Mr. F. E. Watrous*, for the appellee, were not heard.

In the brief filed, counsel cited: Levery v. Nickerson, 120 Mass. 306; Pierce v Whitcomb, 48 Vt. 127 (21 Am. Rep. 120);

Syllabus.

Parker v. Publishing Co., 69 Me. 173 (31 Am. Rep. 262)
Del. etc. R. Co. v. Cadow, 120 Pa. 559.

PER CURIAM:

The injury of which the plaintiff complains was so clearly
the result of his own negligence that it was not error in the
court below to direct a verdict for the defendant. The en-
trance to the dance-room, in Wilcox Hall, was by a lighted
hall and stairway which was well known to the plaintiff.
There was, therefore, a safe way to go and come, and had he
followed it, he would have suffered no harm. He saw proper
to leave this way and step through a door into the dark, upon
a platform, under the belief that the platform was protected
by a railing. In this he was unfortunately mistaken, and he
fell and was injured. The owner of the platform owed him
no duty of protecting it. He was going where, strictly speak-
ing, he had no right to go, and must be taken to have assumed
the risk.

Judgment affirmed.

