PLAISANCE *v.* CHICAGO, ROCK ISLAND & PACIFIC RAILWAY
COMPANY.

Opinion delivered March 27, 1911.

MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE.—In an action against
a railway company by an employee to recover for injuries received
by him in falling from a trestle, it was proper to direct a verdict
for the defendant, where plaintiff's testimony showed that his injuries
were occasioned by his own negligence in walking too near the edge
of the trestle while engaged at night in preparing his meal.

Appeal from Union Circuit Court; *George W. Hays,* Judge;
affirmed.

### STATEMENT BY THE COURT.

Appellant was an employee of appellee as a carpenter in its
bridge and building department. He sued appellee for damages
growing out of personal injuries, which he received by falling
from a trestle for a distance of about 23 feet. Appellant alleged
that he was directed by his foreman to occupy the watchman's
car, which was placed beside the trestle approaching the bridge
and near the bridge; that the appellee in accordance with its
custom provided quarters for its employees while engaged in the
work that appellant was doing; that the watchman's car was
very unsafe; that no safe place was provided by appellee for
appellant and other employees to do their cooking; that they
had to do their cooking on a box of gravel on the end of a narrow
platform adjoining the trestle; that appellant, while assisting in
the preparation of supper, had to go upon the trestle between
the rails of the track; that appellee had negligently left a quantity
of clay spread between the rails which had been rendered exceed-
ingly slippery by the rain which had been falling; that this condi-
tion was unknown to appellant, and, owing to the darkness, he
could not with ordinary diligence have observed it; that, while
engaged as above stated, he slipped on the clay, lost his balance,
and fell upon some timbers lying on the ground below, and
received severe injuries, which are described.

The appellee answered, denying all the material allegations
and setting up contributory negligence and assumed risk as
defenses.

Witness Orren testified that he and appellant were engaged in the work of "fireproofing" a bridge for appellee across the Ouachita River in November, 1908. They had been engaged in the particular work at the place where appellant was injured about one month. Appellant had assisted in putting down the boards and planks and in spreading the gravel and clay over the floor made in this manner; the work on the bridge and trestle at this particular point had been done two weeks before, and, while he may not have assisted in spreading the gravel at this particular place, he had passed over it constantly for two weeks while going from where they had been camping to the place where they were fireproofing other trestles and bridges and in returning to camp. That witness and appellant and one "Henry," under the directions of appellee's foreman, were occupying at night the watchman's car on the bridge near the trestle. The plank platform in front of the car was thirty feet long and six feet four inches wide out to the guard rail of the trestle or bridge, and from this guard rail to the other across the track was ten feet. The spaces between the bridge or trestle timbers had been closed by planks or boards so as to make a solid floor, and gravel and clay had been spread over this floor three or four inches deep, thereby forming a platform immediately in front of this car about thirty by sixteen feet. The surfacing on the trestle near the car consisted of more clay than gravel. When witness, plaintiff, and "Henry" "arrived at the car, it was dark, cloudy and raining." Witness indicated the location of the fire box, and described the accident as follows: "He (appellant) came out there with the potatoes and set them down. I said: 'Bring me that box,' and Henry said: 'Bring me a dish rag.' He brought me the box, and I set it down, and then he handed 'Henry' the dish rag, and I heard a noise, and looked around, and saw his (appellant's) foot hanging over the guard rail, and I grabbed up the lantern and held it down, and saw him struggling and went down the ladder to him." Witness further says: "Was seated between the firebox and the car door; Henry was sitting beside the fire box on the rail of the track or the guard rail of the trestle. Plaintiff, appellant, walked behind Henry and to the right of him to hand him the dish rag, when he fell." The accident occurred about 6:50 P. M. They had poor light, a small

railroad lantern and a sorry fire. It had been raining all evening. It was twenty-threé feet from the ground to the top of the guard rail. Witness had worked for the defendant (appellee) two years. He had always occupied a car provided by the railroad. He was always subject to call, even outside of regular hours. If any one had desired to leave the watchman's car that night, he would have had to walk over the bridge in the dark. An examination after the accident showed that appellant's foot had slipped from the steel rail to the guard rail. Appellant testified as follows: That he worked from seven to six o'clock on the day of the accident. That his work was putting in strips between the ties for fireproofiing bridges. That he started to Calion on a handcar, but when he got to the watchman's car the foreman made him get off there, in spite of his protests. He was told that his things were in the watchman's car, and they were crowded in the other car. That he knew of no place he could go that night. It was about 6:15. It was dark, cloudy and raining. The last he remembers is giving a dish rag to Young. He was then behind and to one side of Young, standing between the steel rail and the guard rail of the trestle. His next recollection is being in the hospital in Little Rock. The rest of his testimony describes his injuries and sufferings and his condition.

The testimony of the only other person present ("Henry") was substantially the same as the above. The court instructed the jury that, under the pleadings and evidence, appellant was not entitled to recover and directed a verdict for the appellee. Appellant duly prosecutes this appeal.

*R. L. Floyd,* for appellant.

This case should have been allowed to go to the jury and the court erred in directing a verdict for defendant. Where a railroad undertakes to provide accommodations for its employees, they are entitled to the same protection that the general public are. The employee must not be exposed to hidden dangers of which they are not aware, nor of dangers in the nature of a trap. Thompson on Neg. (2 ed.) § 968; 63 L. T. (N. S.) 837, cited 46 L. R. A. 58, note 2; 87 Am. Dec. 644; 46 L. R. A. 59, note col..1; 114 Wis. 279; 29 Cyc. 453; 89 Ark. 122; 114 S. W. 1057; 76 N. Y. 92; 32 Am. Rep. 282; 96 Tenn. 164; 34 L. R. A. 615,

618 col. 1; 80 Me. 62, 77; 34 L. R. A. 619, col. 2; 77 Ark. 566; 125 S. W. 655; 89 Ark. 122; 48 Ark. 493.

*Thomas S. Buzbee* and *George B. Pugh,* for appellee.

1. There was nothing unsafe about the car as a place to sleep. The accident was due solely to plaintiff's own negligence.

2. The doctrine of assumed risk clearly applies if plaintiff was busy with the master's business. But he was not—he was busy about his own affairs. However, the rule governing assumed risks applies to a license where the accident results from a condition with which he is familiar. 82 Ark. 534; 85 Ark. 600; 89 Ark. 50; 90 Ark. 387; 30 N. E. 1016; 23 N. E. 233; 19 Atl. 939; 51 N. W. 1043; 30 N. E. 580; 35 Am. Rep. 202.

WOOD, J., (after stating the facts). The injury of appellant was the result of his own negligence. If it be conceded that it was the duty of the appellee to have exercised ordinary care to provide a safe place for its employees to lodge at night while engaged in the work of "fireproofing" bridges, the uncontroverted evidence shows that it had performed that duty. The watchman's car was perfectly safe as lodging quarters. There is no pretense in the evidence to the contrary. Appellant's injury was caused solely by his own carelessness in walking too near the edge of the platform while he was assisting in the preparation of a meal. But it was not the duty of appellee to provide the fire box where the meals were cooked, nor to direct the movements of its employees while they were preparing their meals. That was their own affair. There was ample room on the platform for all purposes in this regard. If appellant and his fellow workman placed the fire box too near the edge of the platform, so that there was not room to move around it in safety, the appellee is not responsible for that. Appellee too was not charged with the duty of seeing that its employees, while moving around upon and over the platform, had their "lamps trimmed and burning." That too was a matter for the employees. The conditions that surrounded appellant at the time of the injury were perfectly obvious to appellant, for he assisted in creating them or knew all about them. There was no danger to one who exercised ordinary care for his own protection. An adult in the possession of his faculties must have known that if he walked or slipped off a bridge or trestle twenty-three feet high he would likely suffer

bodily injury. He must have known, too, that this was likely to occur if he moved about on a platform without sufficient light to guide his footsteps. The facts are undisputed, and, when viewed in the light of common knowledge and experience, they necessarily show that appellant did not use the ordinary precautions and vigilance which a man of ordinary prudence would be expected to exercise under similar circumstances. It was therefore the duty of the court to direct a verdict for appellee. *Gaffney* v. *Brown*, 23 N. E. 233; *Johnson* v. *Willcox*, 19 Atl. 939; *Hilsenbeck* v. *Guhring*, 30 N. E. 580.

Appellee owed appellant no duty that it had not performed. There is no principle of law that would render appellee liable in damages under the facts of this record for the injuries sustained by appellant. The cases cited by appellant are not applicable to the facts presented by this record.

The court did not err in directing a verdict for appellee. The judgment is correct.

Affirm.