# Kinsey v. Locomobile Company of America, Appellant.

*Negligence—Elevator—Unguarded shaft—Chauffeur.*

In an action for personal injuries against the owner of an automobile garage, a verdict and judgment for the plaintiff will be affirmed where there is evidence that the plaintiff was a chauffeur in the employ of a customer of the garage, that he was lawfully on the premises in his employment, and that without negligence on his part he fell down an elevator shaft which the defendant had negligently left unguarded.

Argued Jan. 8, 1912.  Appeals, Nos. 178 and 179, Jan. T., 1911, by defendant, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1908, No. 2669, on verdict for plaintiff in case of Sherman Kinsey, by his father and next friend, John H. Kinsey and John H. Kinsey v. The Locomobile Company of America.  Before Brown, Mestrezat, Elkin, Stewart and Moschzisker, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Carr, J.

At the trial the jury returned a verdict for plaintiff for $5,000.

On motion for judgment for defendant n. o. v. Carr, J., filed the following opinion:

The defendant's motion for judgment non obstante veredicto presents two questions: the duty which the defendant owed the plaintiff, and the degree of care which the plaintiff, Sherman, exercised at the time of the accident.

The plaintiffs contend that Sherman, who was injured, was on the premises of the defendant for the purpose of his employment as chauffeur for Dr. Stewart, and that while working on the second floor of building he was engaged in his lawful employment, and that it

was a question of fact for the jury to determine whether he was there by virtue of an implied invitation from the defendant, and that, if so, it was the duty of the defendant to keep the premises in a reasonably safe condition so that he might not be exposed to injury.

The defendant claims that Sherman was upon its premises as a licensee merely, and that therefore it owed him no duty except not to wilfully injure him or negligently permit him to encounter hidden peril.

The determination of the respective rights and duties of the parties depends in the first place upon the fact of employment as chauffeur of Sherman by Dr. Stewart, and, in turn, his rights and those of his chauffeur to the use of the second floor of the building, and the degree of care thereby owing to Sherman from the defendant.

The defendant is an owner and proprietor of a public garage for the storing and repairing for pay of automobiles, situated on the east side of Broad street between Race and Vine streets, and extending eastward to Watts street. The building consists of a basement and three stories. In the basement the automobiles were washed and polished. The first floor was used as a salesroom, and its rear opened upon Watts street. An elevator was operated for carrying automobiles to the several floors, on the third of which was a repair shop, and the second of which was used for storage purposes.

The contract of storage between Dr. Stewart and the defendant does not appear in evidence. It was offered by neither side. Sufficient evidence, however, appears in the case to support the finding of the jury that Sherman was in fact employed as chauffeur by Dr. Stewart, who, in turn, had storage rights with the defendant.

If such rights did not exist the proof was readily at the defendant's command. No effort was made to disprove it by testimony. Sufficient proof also appears to support the jury's finding that Sherman was in the

employ as chauffeur of Dr. Stewart, whose automobile was upon storage with the defendant on the second floor of its building. The defendant did not show rules and regulations between it and Dr. Stewart, the employer of the chauffeur, which forbade the use of the second floor by Sherman upon the evening in question. In fact, his presence there and his use of the place was known to and apparently acquiesced in by the employees of the defendant in charge upon the afternoon and evening of the accident. The evidence, therefore, supports the finding of the jury that Sherman, being upon the premises, was more than a mere licensee.

The principle of law which controls this case is that one who maintains a building for the purpose of trade or doing business with other persons, no matter what the business is, is bound to use reasonable care in keeping the premises safe: Kay v. Railroad Co., 65 Pa. 269; McKee v. Bidwell, 74 Pa. 218; Connelly v. Faith Co., 190 Pa. 553; Reid v. Linck, 206 Pa. 109.

The averment of the statement is that the defendant kept and maintained the elevator shaft in a negligent condition, without safeguards, railings or lights, so that Sherman, who was not in the employ of the defendant, but who was lawfully about the second floor of the building fell through the shaft while using due care in leaving the building. Sufficient evidence appears on the record to show, as the jury have found, that the averments of negligence were well founded and that the second floor of the building was not properly lighted, nor the elevator shaft properly guarded to the reasonably careful degree, which was owing from the defendant under the circumstances.

The jury having found by their verdict that Sherman was upon the second floor of the building, not as a mere licensee, but upon the implied invitation arising from the relation of Dr. Sewart, the owner of the automobile, and the defendant, the question of Sherman's contributory negligence was necessarily submitted to

the jury also, and from the testimony produced upon both sides, and upon the record, the finding of the jury upon this point is also warranted. Nor do we find that the verdict is grossly inadequate.

' The plaintiff's motion for a new trial is refused; and the defendant's motion for judgment non obstante veredicto is also refused.

*Error assigned* was in overruling motion for judgment n. o. v.

*W. W. Smithers,* with him *H. A. Talbot,* for appellant.

*William T. Connor,* with him *John R. K. Scott,* for appellee.

PER CURIAM, February 19, 1912:

This judgment is affirmed on the opinion of the court below refusing a new trial and judgment for the defendant non obstante veredicto.