# Baker *v.* Ellis, Appellant.

*Negligence—Elevators—Unguarded shaft—Lessee of building—Liability—Case for jury—Evidence—Relevancy.*

1. The lessee of a building who sublets the floors, covenanting to install an elevator and to furnish electric power therefor, and whose supervision and control over the elevator is evidenced by the fact that his engineer frequently inspected it, oiled it and kept it in repair, is charged with the duty of properly guarding

openings to the shaft, particularly where the shaft cannot easily be seen because of darkness; and where it appears that a third person lawfully on the premises was injured in consequence of walking into the unguarded shaft by reason of the gate being out of repair, and lessee's attention had been called to the defects and he inspected the gate, but his inspection was such as would not have disclosed the defect, in an action against the lessee to recover damages for injuries so sustained, it was not error for the court to submit the question of lessee's negligence to the jury.

2. In such case evidence that a municipal inspector of elevators had found the gates of the elevator shaft, including the gate in question in this case, on several floors defective so that the inference that the dangerous condition thereof had existed for a considerable time before the accident was properly admitted.

Argued Jan. 4, 1915. Appeal, No. 122, Jan. T., 1914, by defendant, from judgment of C. P. No. 2, Philadelphia Co., June T., 1910, No. 4539, on verdict for plaintiff, in case of Samuel H. Baker v. David M. Ellis. Before BROWN, C. J., POTTER, ELKIN, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BARRATT, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,500, and judgment thereon. Defendant appealed.

*Errors assigned* were instructions to the jury, answers to points and the 14th and 15th assignments which were as follows:

14. The court below erred because it permitted the witness George J. Robinson to testify in accordance with the following offer:

George J. Robinson, called by plaintiff, sworn.

Mr. Saul. I ask for an offer.

Mr. Patton. I am going to show by this witness that he is an inspector in the Bureau of Elevator Inspection; that he inspected the elevator at 213-15-17 South American street in the year 1909, and in January, 1910, short-

ly before this accident; that at the time of these two inspections the elevator gate was not in place in front of the elevator on the first floor.

Mr. Saul.  I object to that.

(Objection overruled; exception to defendant.)

15. The court, below erred because it asked the following question of the witness George J. Robinson:

By the court.

Q. Who did you have down there on your paper to be notified, if anybody?

A. Anybody?

Q. Who did you have down to be notified about this gate?

A. Mr. Ellis.

(Objected to by counsel for defendant.)

Q. What Mr. Ellis?

A. D. M. Ellis, Provident Building.

Q. That was your report, was it?

A. Yes, sir.

*Walter Biddle Saul,* with him *E. O. Michener,* for appellant, cited: Mills v. Brandes, 235 Pa. 219.

*J. Lee Patton,* for appellee, cited: Lewin v. Pauli, 19 Pa. Superior Ct. 447; Bears v. Ambler, 9 Pa. 193; Long v. Fitzsimmons, 1 W. & S. 530; Henry v. Wanamaker, 45 Pa. Superior Ct. 346; Lindstrom v. Penna. Co. for Ins. on Lives & Granting Annuities, 212 Pa. 391; Little Schuylkill Navigation, Railroad & Coal Company v. Richards' Administrator, 57 Pa. 142; Reading v. Reiner, 167 Pa. 41; Jones v. American Caramel Company, 225 Pa. 644; Valjago v. Carnegie Steel Co., 226 Pa. 514; Bollinger v. Crystal Sand Co., 232 Pa. 636; Drake v. Fenton, 237 Pa. 8; Ferry v. Philadelphia Rapid Transit Co., 232 Pa. 403; Hennessey v. Wabash Mills Co., 235 Pa. 31; Kinsey v. Locomobile Co. of America, 235 Pa. 95; Donohue v. Western Union Telegraph Company, 57 Pa. Superior Ct. 251.

OPINION BY MR. JUSTICE ELKIN, February 8, 1915:

This is an action to recover damages for personal injuries sustained by plaintiff who fell down an elevator shaft which at the time of the accident was not properly guarded. It is contended for appellant that there can be no recovery under the facts established at the trial because there was no proof of notice to him of the defective condition of the elevator guards, and it is also urged that Ellis, being the lessee of the entire building, but not in actual possession, having sublet the different floors to other tenants, cannot be held answerable in damages to a third person, lawfully upon the premises, who fell down the unguarded elevator shaft while performing the duties of his employment. It need scarcely be said that if appellant as lessee of the entire building had no duty to perform in the matter of providing and maintaining an elevator for use of his subtenants, he could not be made to answer in damages for failure to properly guard and maintain it. There can be no liability for failure to perform a duty, if there was no duty to perform in the first instance. But let us see whether appellant had any duty to perform in connection with the elevator in the present case. He was the lessee of the entire building and did not make use of any part of it for his own purposes, but sublet all of the floors to other tenants with an agreement to furnish them elevator service. In his lease to tenants he designated himself as lessor and the tenant as lessee, and there was nothing in the indenture of lease to put appellee on notice that he was holding as a subtenant. All the covenants of the lease indicate absolute ownership of the premises to be in Ellis, the lessor, who agreed to furnish lessee with light, heat, power and live steam upon the terms and conditions specified. He also agreed to build a stairway, to put in toilets, to close up elevator in middle of building and to put bell on same, to build north and south walls, to put additional windows in certain walls of the building, to brick up openings to iron stairway and to

provide proper fire escapes. In addition Ellis agreed "to put in an elevator to be run by electric power" and to be used by his subtenants for the reception and delivery of merchandise. The power was furnished by Ellis whose engineer had supervision of the elevator. Under these facts how can it be seriously contended that Ellis had no duty to perform in connection with the maintenance of the elevator? Nor can we agree that Ellis was not in possession of the building for any purpose and thus be relieved from liability in the present action. It is true he was not in possession of those parts of the building leased to subtenants, but he was in possession for the purpose of performing his covenants under the lease. One of these covenants required him to provide an elevator for the reception by and delivery of merchandise to various tenants upon different floors, and to furnish the electric power to run the same. For this purpose at least he retained possession, and that he exercised supervision over the elevator is shown by what his engineer did in frequently inspecting it, by oiling it and by keeping it in repair. As lessee of the entire building Ellis must be regarded as a tenant in possession for the purpose of providing and maintaining the elevator under the facts of the present case, and as such liable for an injury sustained by a third person lawfully upon the premises, when such injury resulted from a defective guard to the elevator shaft of which he had notice. From the numerous cases which sustain this doctrine the following may be cited: Bears v. Ambler, 9 Pa. 193; Lindstrom v. Penna. Co. for Ins. on Lives & Granting Annuities, 212 Pa. 391. Whether appellant prior to the accident had notice of the defective guard or automatic gate in front of the elevator was a question of fact for the jury and it was so submitted in a careful charge by the learned trial judge. There was ample relevant testimony to carry this question to the jury and we find no reversible error in the manner of its submission.

That the owner, or occupant of a building, in a proper

case, may be answerable in damages to a third person lawfully upon the premises, has been decided many times in this and other jurisdictions: Kinsey v. Locomobile Co. of America, 235 Pa. 95; Drake v. Fenton, 237 Pa. 8; Parker v. Barnard, 135 Mass. 116. In the present case, Baker a teamster, employed by a third party to deliver merchandise to a subtenant of Ellis, was lawfully upon the premises in the performance of duties pertaining to his employment. In the course of his employment it became necessary to place the goods upon the floor of the elevator so that they could be hoisted to the fourth and fifth floors of the building which were occupied by subtenants to whom delivery was to be made. The passageway to the elevator was dark and without any artificial light. Baker was groping his way to the elevator when he fell into the unguard shaft. Somebody was at fault in leaving such a dangerous trap unguarded. Who was it? This depends upon the facts. There is no evidence in the case to show that the subtenants had anything to do with the construction, maintenance or repair of the elevator. These duties were not only assumed but performed from time to time by appellant. If, then, injuries resulted from his failure to perform a duty assumed by him in order to comply with the covenants of his lease to subtenants, he certainly would be answerable in damages if guilty of negligence. The negligence charged in the statement of claim was that the defendant "had negligently not provided any light and had permitted the gate protecting the elevator shaft to get out of order, and become in bad repair and the same was not in position in front of the elevator shaft." If this gate had been in its proper position in front of the elevator shaft, the accident would not have happened. Why it was not in position is explained by the testimony. It was an automatic gate which raised and lowered with the elevator when in proper repair. That it was frequently out of repair is shown by the fact that it "jammed" at the top of the open-

ing to the elevator and remained in that position until pulled down. This left the opening to the elevator shaft at the floor unguarded and dangerous as is demonstrated by what occurred in the present case. We have already indicated that appellant was responsible for the construction and maintenance of the elevator, and this being so, it was his duty to properly guard the entrances to the shaft. It is his contention that he did provide the necessary doors and gates for this purpose, and that he had no notice of the defective condition of the automatic gate. In the court below the case was made to turn upon this question of fact which was submitted to the jury. Appellant admitted that complaints had been made to him on several occasions prior to the accident about the defective condition of the gate, but defended on the ground that two or three days before the accident, he in company with his engineer made an examination of all the gates, including·the one on the first floor, and found them in good condition. He did not make any repairs to the gate in question because in his judgment none were needed. The testimony on the other side was to the effect that this gate had been out of repair for several months prior to the accident and that notice of the defective condition had been given appellant on two or three occasions. The only examination made by appellant and his engineer was to lift the gate eighteen or twenty inches from the floor, and this would not disclose the real trouble, which was "jamming" at the top. Under all the circumstances of this case we think the questions of notice and failure to make repairs were for the jury.

Nor can we agree with the contention of learned counsel for appellant that the testimony of the witness, Cosgrove, an inspector of elevators for the City of Philadelphia, was improperly admitted. This witness testified in substance that he had inspected the elevator in question several times and as to the automatic gates found some missing and some in bad condition. In 1909 he found the

gates missing at the first, second and third floors of the building. The fair inference from the testimony of other witnesses is that this dangerous condition existed in greater or less degree down to the time of the accident. Certainly this was relevant testimony and we cannot see upon what legal ground it could have been excluded. The same may be said of the testimony of the witness, Robinson, about which complaint is made in the fourteenth and fifteenth assignments of error.

Learned counsel for appellant rely upon Mills v. Brandes, 235 Pa. 219, to sustain their position in the present case. That case must be distinguished from the one at bar upon its facts. In that case it did not appear that the lessee of the entire building was responsible for the construction and maintenance of the elevator, or that he had any notice of a defective condition in the doors or gates which guarded the shaft. It was also said in the case just cited that the negligence charged was not the proximate cause of the injury. In that case there was no evidence to show any defects in the construction or maintenance of doors or guards, or that the lessee of the entire building had any notice of the defective or dangerous condition relied on to sustain a recovery of damages. These facts are most important and make the cases easily distinguishable. In Mills v. Brandes there was a failure to prove any acts of negligence on the part of the defendant, or at least any with which he was charged, and hence no liability attached to him under the pleadings and facts.

There is no assignment of error which directly refers to the contributory negligence of defendant, but even if this question be considered in connection with the point asking for binding instructions, the most favorable view that can be taken of the testimony is that it was for the jury. It would have been clear error for the judge to declare as a matter of law that the plaintiff was guilty of contributory negligence under the facts as they appear in the record. This question was submitted to the

jury and there is no complaint as to the manner of the submission.

'Assignments of error overruled and judgment affirmed.