# Smith *v.* The Harwood Electric Company, Appellant.

*Negligence—Electric companies—Broken wires—Contact with iron plate in sidewalk—Pedestrian—Death — Presumption — Contributory negligence—Case for jury.*

1. Where the death of a pedestrian is occasioned by stepping upon an iron plate in a sidewalk which is charged with electricity by reason of a broken electric wire having fallen across it, the question whether deceased was negligent in stepping upon the plate depends upon whether the danger was apparent to him, and such question is for the jury.

2. A person is required to exercise only such care as is usual under similar circumstances among careful and prudent men of the class to which he belongs.

Submitted April 10, 1916.   Appeal, No. 428, Jan. T., 1915, by defendant, from judgment of C. P. Luzerne Co., Dec. T., 1912, No. 759, on verdict for plaintiff, in case of Bertha Smith v. The Harwood Electric Company.   Be-

fore POTTER, STEWART, MOSCHZISKER, FRAZER and WAL-
LING, JJ.  Affirmed.

Trespass to recover damages for the death of plaintiff's
husband.  Before STRAUSS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $4,250 and judgment thereon.
Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for
defendant, in refusing to enter judgment for defendant
n. o. v. and in permitting plaintiff to amend her state-
ment of claim.

*John T. Lenahan, John R. Sharpless* and *Evan C.
Jones,* for appellant.—The deceased was guilty of con-
tributory negligence in stepping upon the plate, as the
danger was open and apparent: Cook v. Wilmington
City Electric Co., 32 Atlantic Repr. 643; Lerner v. Phil-
adelphia, 221 Pa. 294; Robb, et al., v. Connellsville
Boro., 137 Pa. 42.

*Frank A. McGuigan, James P. Costello* and *John J.
O'Donnell,* for appellee.—Whether deceased was guilty
of contributory negligence was for the jury: Fitzgerald
v. Edison Electric Illuminating Company, 200 Pa. 540;
McCracken v. Consolidated Traction Co. (No. 1), 201
Pa. 378.

OPINION BY MR. JUSTICE STEWART, October 2, 1916:

About noon of a Sunday morning in July, 1912, a wire
highly charged with electric current fell from a pole be-
longing to the defendant company's system in the City
of Hazleton, occupying a place at the corner of two inter-
secting streets, because of a defective crossarm on which
it depended for support.  The wire was broken in two
by the fall, one end of it falling across a cast iron plate
over an intake of a sewer, the other about a foot beyond
the plate, the plate being about five feet long by three

wide, forming a part of the sidewalk. This was the situation as plaintiff's husband suddenly and unexpectedly encountered it, within a very few minutes after the wire fell. He was seen to approach the place in traveling upon the sidewalk by a bystander who lived but one hundred and twenty-five feet from the corner of the street, and who had been attracted to the front of his house by the noise of the falling wire. This bystander was the only witness who saw the immediate occurrence. In a very short time, says this witness, Mr. Smith came along down Locust street, I hailed him when he was within three feet of the plate and told him to keep away from the wire; he saw me and stopped within a foot or eighteen inches of the wire which was resting on the iron plate; he was immediately transfixed and fell in a second or two into the gutter at the side, whence he was soon removed, a dead body, showing unmistakable signs of electrocution. The wire broke in two by the force of its fall from its support; and it fell because the cross-arm that held it was defective. The negligence charged to the defendant was allowing the wire to remain in place with inadequate support. The verdict of the jury establishes the negligence of the defendant, and we need only say with regard to this branch of the case that the evidence was quite sufficient to warrant that inference. The only question that calls for consideration is whether, as a matter of law, the conduct of the husband in placing his foot upon the iron plate was negligence contributing to the result. It is, we think, quite manifest that his placing his foot upon the plate was the immediate cause of his death. He did not come in contact with the wire that carried the current at any time, but he did come in contact with the iron plate on which one end of the broken wire rested. The circumstances attending his placing his foot on the plate, his instantaneous cry and fall point unmistakably to the conclusion that the plate conducted the fatal current from the wire and that he then fell its victim. The trial judge submitted to the jury both the question of the negligence of the defendant

and the contributory negligence of the plaintiff's husband, and the finding was for the plaintiff on both issues. The motion for judgment non obstante was refused and we have this appeal. We have already said as to the first issue that the evidence was sufficient to warrant the conclusion reached by the jury, and we may dismiss that from further consideration. With respect to the other question, that of contributory negligence, little more need be said. Evidently the purpose of the man in placing his foot on the plate was to cross beyond and pursue his way. In so doing he would not necessarily have come in contact with the wire, and the crossing would have been safely accomplished but for the fact that the iron plate had become charged equally with the wire. Did he know this fact? Or, as a reasonably prudent man, should he have known it? There is nothing in the evidence pointing to actual knowledge on his part, and the presumption is to the contrary, since men are presumed to be governed by the natural instinct which leads them to avoid danger rather than court it. Even without actual knowledge he assumed the risk of all the dangers of the situation that were apparent to his observation; these he assumed but nothing beyond. The question is, what danger was apparent to him? If the fact that the plate was electrically charged was apparent to him, it was his duty to avoid it. Against the wire he had been warned, but not so with respect to the plate. The answer in the very nature of things must depend upon what he saw and his intelligence to understand and appreciate. He is entitled to be judged in view of the knowledge generally possessed by the community. Here a question is at once presented which a jury alone could determine. The mere fact that the wire was emitting sparks as he approached the place, if observable, might be quite sufficient warning to some men that the iron plate underneath was electrically charged, while to others of less intelligence and experience with electricity, it would mean nothing more than that the wire itself was charged. Because there are classes in society with widely different

degrees of intelligence, the individual is required to exercise only such care as is usual under similar circumstances among careful and prudent men of the class to which he belongs. We are permitted to know nothing of the plaintiff's husband beyond the fact that he was a reputable man of mature years and by trade a moulder. Under the ascertained facts of the case, it cannot be said that reasonable men, acting as the triers of fact would find, without reasonable probability of differing in their views, that the plaintiff's husband either knew and appreciated the danger, or that ordinary prudent men, under the same circumstances, would readily acquire such knowledge and appreciation. It follows that it would have been error in the court to have withheld the case from the jury. The judgment is affirmed.