Andrew J. Savage
vs.
Trahan Amusement Corporation

No. 90127

February 9, 1933

BAKER, P. J. Heard on demurrer to the declaration.

The declaration is in three counts.

The gist of the complaint is that the plaintiff was a patron at a certain theatre operated by the defendant corporation, and while attempting to find a lavatory opened a door in the rear of the theatre and fell into the cellar.

The first count sets out that the defendant failed to safeguard this door, which was accessible to the general public. The second count alleges a failure to properly light the door in question, and in the third count plaintiff claims that the defendant failed to keep said door locked.

The defendant has demurred, setting out nine grounds of demurrer to each count, contending in substance that no case has been stated in the declaration.

After carefully considering the question presented, the Court is of the opinion that the demurrer should be overruled.

It seems to the Court that the disposition of the case may turn on the facts as presented by the witnesses when the case comes to trial, and that the matter ought not to be determined on the pleadings alone. Such questions as the location of the door in the theatre, the time when the plaintiff went to the door, whether the door was in any way marked, whether it was locked and how it was lighted, and the matter of the availability of ushers who might direct the plaintiff, all seem to the Court to be issues which on the evidence offered would have a direct bearing as to whether the plaintiff could prove his case. It has been almost uniformly held that contributory negligence is a question of fact.

The authorities seem to show that cases of this type are often jury cases and verdicts have been sustained.

Brister vs. Flatbush Leasing Corp., 202 App. Div. (N. Y.) 294;

New Theatre Company vs. Hartlove, 123 Md. 78;

Owens vs. Associated Realties Corp., 81 N. J. Law 586;

Andre vs. Mertens, 88 N. J. Law 626;

Dondero vs. Tenant Motion Picture Co., 94 N. J. Law 483.

If, upon hearing, the testimony shows clearly that the defendant should not be held, then, of course, the matter becomes one for the Court.

Johnson vs. Wilcox, 135 Pa. 217.

The demurrer is overruled.

For plaintiff: Ernest L. Shein.
For defendant: Morris Berick.