Laudenslager *v.* Pennsylvania Power & Light
Co., Appellant.

Argued May 23, 1933.   Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*J. F. Schaffer,* of *Schaffer & Machmer,* with him *William J. Wilcox,* for appellant.

*J. P. Carpenter,* with him *A. W. Carpenter,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, June 30, 1933:

In this action for damages for the death of her husband, plaintiff recovered a verdict and judgment. Defendant appealed, alleging the evidence shows it was not negligent and that decedent was contributorily negligent, and hence the court below erred in overruling its motion for judgment non obstante veredicto. In considering this point, the testimony should not only be read in the light most favorable to plaintiff, all conflicts therein being resolved in her favor, but she must be given the benefit of every fact and inference of fact, pertaining to the issues involved, which may be reasonably deduced from the evidence (Vlasich v. Baltimore & Ohio R. R. Co., 307 Pa. 255) ; and all adverse facts and inferences from facts, if depending on oral evidence only, must be rejected: Farley v. Ventresco, 307 Pa. 441. Thus considered, the relevant facts regarding the above contention are as follows:

Defendant, in supplying electricity to residents and manufacturing establishments in the city of Sunbury, carried its current along lines of wires strung on poles located in the public streets of the city. One of such lines ran along River Avenue in front of decedent's home. About six weeks prior to his injury, defendant moved one of its poles from the southwest corner of River Avenue and Bainbridge Street, to the northwest

corner of these streets. This brought that line nearer to decedent's home, which was on the north side of the avenue, one door west of the street. In making the change, the wires were cut, taken down to the ground, spliced together and then moved over and fastened to the pole in its new location. A block and tackle and considerable force were required to accomplish this.

At the time of the accident, decedent's automobile was standing at the curb in front of and with its right side towards his home. While he was in the house, two of defendant's high tension wires, each carrying a current of electricity at 2,300 volts, broke, fell across a telephone wire and hung from it towards and near to the surface of the avenue below, one of the ends being close to the left front fender of defendant's car, but not in contact with it, and another towards the opposite side of the avenue. Both were emitting sparks and making a hissing noise. When decedent came out of the house, he went to his car, opened and then closed the door on the right side, and passed around the rear of the car and thence to the door on the left side. While there, he received a shock of electricity which threw him to the ground and against the broken electric wires, resulting in the current therefrom being passed through his body, causing his death two days later.

Why decedent went around to the left side of the car was not shown, probably because his death shut out the possibility of such proof, but it is not unlikely that it was because this was the driver's side of the car. He was not shocked because of coming in contact with, or being too close to the broken wire which was near the front left fender. Defendant's evidence was to the effect that, despite warnings, he deliberately took hold of that wire. The jury have negatived this contention, however, and its negation thereof is conclusive on this appeal. There was evidence to the effect, and the jury have found that the shock which threw him down came from the rain-moistened earth, which had become heav-

ily charged with electricity from the broken wires. Decedent had no actual knowledge of the possibility of this, and there is no presumption that one in his station in life had or should have had such knowledge, but there is a presumption that defendant knew it: Kibele v. City of Phila., 105 Pa. 41, 45; Smith v. Harwood Electric Co., 255 Pa. 165, 168. These facts negative defendant's contention that the court below should have determined, as a matter of law, that decedent was guilty of contributory negligence.

We are also clear that it was not error to refuse to decide, as a matter of law, that defendant was not guilty of negligence. An expert witness, properly qualified as such, sat throughout the trial and heard the testimony of plaintiff's other witnesses as to what was done when the wires were taken down from their location on one side of the street and replaced on the other, and to their condition and location after they were so replaced. Upon the facts thus testified to, which were consistent throughout and not self-contradictory, he was properly asked to express an opinion as to the cause of the breaking of the wires, and was not limited, as appellant seems to think, to expressing an opinion on assumed facts embodied in a hypothetical question: Yardley v. Cuthbertson, 108 Pa. 395, 449-50. He said the break was due to the improper way the wires were spliced, and because the distance between the poles supporting them was too great, thereby causing the wires, in the condition in which they were, to break of their own weight. This, if believed by the jury, as it was, established negligent construction. There was much evidence contravening this opinion, but its weight was for the jury (Derrick v. Harwood Electric Co., 268 Pa. 136), and their determination of it, for the reason hereinbefore stated, is conclusive on this appeal.

A careful consideration of the other complaints, and of appellant's painstaking brief in regard thereto, fails to convince us that any of them disclose error of which

appellant can justly complain, or which call for special notice.

The judgment of the court below is affirmed.