Vetter *v.* Great Atlantic & Pacific Tea Company,
Appellant.

Argued October 8, 1935; reargued April 6, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John A. Metz,* with him *W. C. McClure* and *John A. Metz, Jr.,* for appellant.

*R. A. Hitchens,* with him *David B. Fawcett,* for appellee.

OPINION BY MR. JUSTICE BARNES, June 26, 1936:

Plaintiff, a trucker, engaged in the general hauling business, was under a contract with the defendant for the removal weekly of waste paper and rubbish from a number of its stores. The store of defendant in which the accident here occurred was located in Turtle Creek Borough, Allegheny County. Plaintiff had been collecting refuse matter from this store regularly for about a year.

The waste materials were kept in the basement of this store, which was reached from the outside by pavement doors, and also from the inside of the store by an enclosed stairway leading from the first floor. At the head of and closing this stairway was a door behind a store counter. When the stairs were not in use this door was kept locked, and the key thereto was retained by the manager of the store. To remove the rubbish from the cellar, the key to the inside door was always obtained from the manager.

According to the testimony, at the time when rubbish was to be removed, the plaintiff and his helpers would

proceed down the inside stairs and unlatch from within the cellar the outside pavement doors, through which the actual removal of the waste material would take place. A vegetable stand was located in the front of the store, not far from the head of the stairway in question, but neither produce for this stand, nor spoiled vegetables discarded from it, were stored in the basement. Vegetable produce was not opened or unpacked in the cellar, but always on the main floor; refuse vegetables were deposited in a garbage can located at the rear of the store on the main floor, thence to be removed by the borough. Plaintiff at no time removed garbage from the store. The stairway was not used by customers, but only by defendant's employees, and by plaintiff and his helpers when they came weekly to remove the rubbish. The stairway was dark, and the only means provided for lighting it was by an electric light located in the ceiling of the cellar. There was no switch by which this light could be turned on from the head of the stairs. It was necessary to descend the stairs, proceed to the center of the cellar and to screw in the electric bulb to obtain light.

In the forenoon of August 21, 1930, the plaintiff came to the store for the purpose stated. He obtained the key from the manager, and unlocked the cellar door behind the counter. As he was descending the stairway in the darkness "his feet flew out from under him" and he was thrown to the concrete floor at the foot of the stairs, sustaining severe and permanent injuries to his spine. When the cellar light was turned on immediately after the accident, the stairway was littered with decayed "bananas, lettuce leaves, beans and tomatoes," according to the testimony of plaintiff, and one of his helpers who went to his assistance.

To recover for the injuries received, plaintiff brought this action of trespass. The jury returned a verdict against the defendant, and from the judgment entered thereon defendant company has appealed, assigning as

error the refusal of its motions for a new trial, and for judgment non obstante veredicto.

When this appeal was first before this Court for oral argument, the question was raised whether appellee was guilty of contributory negligence as a matter of law when he voluntarily attempted to descend the dark stairway into the cellar. As it appeared that proper consideration had not been accorded this element of the case, leave was granted to appellant to file a supplemental brief upon this question, and like consent was given to appellee to file a reply brief. Subsequently, we concluded to grant a reargument confined to the question of contributory negligence.

At the reargument which followed, appellant earnestly contended that appellee was contributorily negligent as a matter of law. It relies upon the fact that appellee must have known from past experience that the steps in this store would be dark, that he was going to descend them as usual, and therefore, in the exercise of due care and caution, it was his duty to have prepared himself with some means of lighting his descent. Appellee, it says, should be held to have assumed the risk of injury when he voluntarily committed himself to the dark stairway, and to have brought the injuries upon himself by his disregard of the manifest dangers of the darkness: *Conboy v. Osage Tribe*, 288 Pa. 193; *Murray v. Earl*, 282 Pa. 517; *Fordyce v. White Star Bus Lines*, 304 Pa. 106; *Smalley v. First Natl. Bank of Wilkinsburg*, 86 Pa. Super. Ct. 280.

Contributory negligence should be declared here, it is argued, just as in those decisions where a person injured in "testing" the dangers of a dark place with which he was entirely *unfamiliar*, has been so found guilty and denied recovery: *Johnson v. Wilcox*, 135 Pa. 217; *Sweeny v. Barrett*, 151 Pa. 600; *Davis v. Edmondson*, 261 Pa. 199; *Hoffner v. Bergdoll*, 309 Pa. 558; *Modony v. Megdal*, 318 Pa. 273; *McVeagh v. Bass*, 110 Pa. Super. Ct. 379; *McGreal v. Merchants Whse. Co.*, 121 Pa.

Super. Ct. 336. See also *Cathcart v. Sears, Roebuck & Co.*, 120 Pa. Super. Ct. 531.

On the other hand, it is alleged by appellee that the injuries sustained were not caused by the darkness of the stairway, but were due to its condition and the presence of foreign matter thereon, a risk which he did not anticipate and assume, and which in reality, he says, were the proximate causes of the accident: *Curry v. Atlantic Refining Co.*, 239 Pa. 302; *Baker v. Ellis*, 248 Pa. 64; *Kinsey v. Locomobile Co.*, 235 Pa. 95; *Greis v. Hazard Mfg. Co.*, 209 Pa. 276; *Reid v. Linck*, 206 Pa. 109; *Fredericks v. Atlantic Refining Co.*, 282 Pa. 8.

After full consideration a majority of the Court is of opinion that under the facts shown plaintiff was not guilty of contributory negligence as a matter of law.

On the question of negligence, appellant contends that there is no evidence to show that it or its employees had notice or knowledge of the presence of the vegetable refuse on the stairway at the time of the accident. The burden was on the appellee to establish negligence beyond the mere happening of the accident, and there must be shown negligence for which this appellant is responsible. We feel that appellee has sustained that burden of proof. The store employees used the stairway whenever necessary to carry boxes and cartons into and out of the cellar when packing a customer's order. The appellee and his helpers had not been in the store for an entire week prior to the accident. There was no evidence that any other person had used the stairway. The accident happened immediately upon appellee's entering the stairway to descend to the cellar. The store employees in the use of the stairway were put on notice of its dangerous condition, and such knowledge possessed by them is imputed to the appellant by rule of law. Therefore appellant must be held to have known the condition of the stairway, and failure to correct that condition before permitting appellee to use the stairway was evidence of negligence to be submitted to the jury.

The appellee was lawfully on the premises as an invitee. Appellant owed him a duty to use due care for his protection and to keep the premises in a reasonably safe condition, for the uses and purposes of the invitation, so as not to expose appellee to danger. It is true that in cases such as the present the person in ownership or control of the property is not the insurer of the safety of the invitee; his duty is discharged by the exercise of reasonable care. To such effect we have declared the rule in several of our recent decisions. Mr. Justice SIMPSON, in *Nettis v. Gen. Tire Co.,* 317 Pa. 204, 209, said: "All the authorities agree that it is incumbent upon the owner of premises upon which persons come by invitation, express or implied, to maintain such premises in a reasonably safe condition for the contemplated uses thereof and the purposes for which the invitation was extended: *Newingham v. J. C. Blair Co.,* 232 Pa. 511; *Craig v. Riter-Conley Mfg. Co.,* 272 Pa. 219." To the same effect we recently held in *Kulka v. Nemirovsky,* 314 Pa. 134, 139: "Defendant owed to the plaintiff the affirmative duty of keeping his premises reasonably safe for business visitors, such as plaintiff, and of giving warning of any failure to maintain them in that condition: *Robb v. Niles-Bement-Pond Co.,* 269 Pa. 298; *Markman v. Bell Stores Co.,* 285 Pa. 378; *Newingham v. J. C. Blair Co.,* 232 Pa. 511; *Pauckner v. Wakem,* 231 Ill. 276; *Starcher v. So. Penn Oil Co.,* 81 W. Va. 587, 602; *Restatement, Torts,* section 332 (see comment a). Plaintiff was entitled to rely on defendant's performance of this duty: *Restatement,* section 343 (see comment d); *Yuhasz v. Pitt. Const. Co.,* 305 Pa. 166; *Adams v. Fields,* 308 Pa. 301, 305; *Blondin v. Oolitic Quarry Co.,* 11 Ind. App. 395; *Gobrecht v. Beckwith,* 82 N. H. 415."

It was for the jury to decide whether appellant and its employees had notice of the condition of the cellar steps prior to the time of the accident. The learned trial judge fairly submitted this question to the jury, especially by the affirmance of appellant's point for charge

on the subject. The rulings made at the trial are not challenged nor is the charge of the court complained of as being either erroneous or inadequate. It fairly presented and analyzed the testimony for the jury, and the law applicable thereto was correctly stated. There is no complaint that the verdict was excessive, or error alleged which would make the amount of the verdict a question for review. Moreover, in considering the sufficiency of the evidence to sustain the verdict, upon the motion for judgment n. o. v. the court was required to view the evidence and the inferences deducible therefrom in the light most favorable to the plaintiff: *Laudenslager v. Pa. P. & L. Co.*, 312 Pa. 169, 170; *Guilinger v. P. R. R. Co.*, 304 Pa. 140, 144; *Simon v. P. R. T. Co.*, 306 Pa. 466, 470.

The judgment is affirmed.